UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHINELO N. EGWUATU,

               Plaintiff,

v.                                       Case No.  8:10-cv-2587-T-23TBM

HILLSBOROUGH COMMUNITY
COLLEGE, et al.,

               Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the *pro se* Plaintiff's response to the Order of January 6, 2011, and attached amended Affidavit of Indigency, which are construed as an amended motion for leave to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915.[1] Because Plaintiff's amended Affidavit of Indigency reveals that she has the resources necessary to pay the filing fee for this action and Plaintiff's Complaint fails to state a claim, I recommend that the court dismiss this action.

I.

In pertinent part, § 1915 provides that:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who

---

[1]By Order of January 6, 2011, the undersigned denied without prejudice Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) and directed Plaintiff to submit an amended Affidavit of Indigency.  (Doc. 8).

> submits an affidavit that includes a statement of all assets
> such [person] possesses that the person is unable to pay such
> fees or give security therefor.  Such affidavit shall state the
> nature of the action, defense or appeal and affiant's belief
> that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).  It further provides that the court must dismiss a case at any time if

the court determines that the allegation of poverty is untrue.  *Id.* at (e)(2)(A).

Upon review of Plaintiff's amended Affidavit of Indigency (Doc. 10 at 2-12), I find

that the Plaintiff has failed to demonstrate her inability to pay the fees associated with her

lawsuit.  Here, Plaintiff's amended Affidavit of Indigency reveals that she has $9,523.94 in

various bank accounts, and that while she has three children, her husband supports them

financially.  *See id.* at 3, 5, 7.  Plaintiff also receives unemployment compensation in the

amount of $95.00 per week and occasional income as a self-employed mystery shopper.  *See*

*id.* at 7.  Although Plaintiff identifies $56,842.09 in debts and obligations, as well as other

debts unidentified by amount, *id.* at 8, it does not appear that she makes payments toward any

apart from her student loan such that she cannot afford the filing fee.  Consequently, I am

constrained to conclude that Plaintiff is not indigent.  *See Visconti v. Astrue*, No. 3:08-cv-430-

J-33MRC, 2008 WL 2385517, at *1 (M.D. Fla. June 9, 2008) (stating that *in forma pauperis*

status should only be conferred on those who are truly indigent).

II.

Upon review of Plaintiff's Complaint, it also appears that Plaintiff fails to state a

claim on which relief may be granted.  Rule 8 of the Federal Rules of Civil Procedure requires

"a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

R. Civ. P. 8(a)(2).  This requirement ensures that the defendant is given fair notice of what the

claim is and the grounds upon which it rests.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Further, section 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  This provision tracks the language of Federal Rule of Civil Procedure 12(b)(6) and this circuit applies Rule 12(b)(6) standards reviewing dismissals under § 1915(a).  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  In determining whether the plaintiff has stated a claim on which relief may be granted, the court must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff.  *Hill v. White*, 321 F.3d 1334, 35 (11th Cir. 2003).  While the complaint does not need detailed factual allegations, the allegations must be enough to raise a right to relief above the speculative level.  *Twombly,* 550 U.S. at 555-56.

Additionally, the court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys.  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).  Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading.  *GJR Invests., Inc. v. County of Escambia*, 132 F.3d

1359, 1369 (11th Cir. 1998), overruled on other grounds as recognized in *Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

By her Complaint, Plaintiff appears to assert claims for national origin discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., as against her previous employer, Hillsborough Community College (HCC), and three of its employees, and as against the Equal Employment Opportunity Commission (EEOC) and one of its employees.  The gravamen of her complaint is that her supervisor cut her part-time hours as a math lab technician while new employees were hired and more hours were given to "non-foreigners," rules that applied only to her were employed, she was retaliated against by her supervisor when she stopped sharing her food with the supervisor, the dean collaborated with her supervisor to not give her hours, a director of HCC's Office of Equity retaliated against her by terminating her employment because she filed a charge of discrimination with the EEOC, and a senior investigator with the EEOC was unfair, erroneously found that her case was untimely, and obstructed justice when investigating her complaints of discrimination and/or retaliation.  (Doc. 1).  Plaintiff does not, however, identify in her Complaint her national origin or the statute(s) under which she brings suit.[2]  As an initial matter, given these omissions I am unable to ascertain whether Plaintiff states claims for employment discrimination and/or retaliation under Title VII or otherwise.

Further, to the extent Plaintiff brings claims under Title VII against individual employees of HCC and EEOC, her claims fail.  Liability under Title VII attaches only to

---

[2]Nor does Plaintiff attach to her Complaint the EEOC's Notice of Right to Sue.

4

"employers," not individual defendants. *See Dearth v. Collins,* 441 F.3d 931, 933 (11th Cir. 2006); *Smith v. Lomax,* 45 F.3d 402, 403 n. 4 (11th Cir. 1995). Accordingly, her complaint against individual defendants Ms. P. Dix, Ms. Dobbins, Mr. Wyagner, and Mr. Borges should be dismissed with prejudice.[3]

Finally, to the extent Plaintiff is attempting to invoke Title VII as a jurisdictional basis for suing the EEOC, she cannot do so. Title VII does not confer on a charging party a right of action against the EEOC. *See Gibson v. Missouri Pac. R.R.,* 579 F.2d 890, 891 (5th Cir. 1978)[4] ("Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-5 et seq., confers no right of action against the enforcement agency. Nothing done or omitted by EEOC affected [plaintiff's] rights. Their adverse determination could not have precluded, and in fact did not preclude, the present suit by [plaintiff]. The relief sought of further investigation or action by the agency would be meaningless."). As such, Plaintiff's complaint against the EEOC [and Mr. Borges] must fail as well.

III.

Accordingly, for the reasons set forth above, I recommend that the court **DISMISS** the Complaint (Doc. 1) and **DENY** Plaintiff's construed amended motion to proceed *in forma pauperis* (Doc. 10). To the extent that the Plaintiff wishes to pursue her claims in this court, it is recommended further that the court direct the Plaintiff to submit the appropriate filing fee

---

[3]To the extent that Plaintiff claims that Mr. Borges obstructed justice, the exact nature of her suit against him is unclear.

[4]In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

5

along with an Amended Complaint that is consistent with the pleading requirements of the

Federal Rules of Civil Procedure clearly setting forth cognizable causes of action within

twenty days of the court's Order, failing which may result in a dismissal of the action without

further notice.  It is strongly urged that Ms. Egwuatu consult with an attorney and/or a local

bar association before again filing papers with this court.

Respectfully submitted on this
28th day of January 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations

contained in this report within fourteen (14) days from the date of its service shall bar an

aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a

district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R.

Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable Steven D. Merryday, United States District Judge
Pro se Plaintiff